**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 03-4665**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

COLEEN MILLICENT WILLIAMS, a/k/a Millie,

Defendant - Appellant.

———————

**No. 04-4082**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GILBERT GOULBOURNE, a/k/a Carol Angel, a/k/a
Gail Chambers,

Defendant - Appellant.

———————

Appeals from the United States District Court for the District of
South Carolina, at Greenville.   Margaret B. Seymour, G. Ross
Anderson, Jr., District Judges.   (CR-03-231)

———————

Submitted:  June 27, 2005            Decided:  July 28, 2005

———————

Before NIEMEYER, LUTTIG, and TRAXLER, Circuit Judges.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

---

David W. Plowden, Assistant Federal Public Defender, Greenville South Carolina; Robert M. Sneed, FOSTER LAW FIRM, Greenville, South Carolina, for Appellants.  Jonathan S. Gasser, Acting United States Attorney, Isaac Louis Johnson, Jr., Assistant United States Attorney, Greenville, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Gilbert Goulbourne and Coleen Williams appeal their convictions and sentences for conspiracy to distribute cocaine in violation of 21 U.S.C. § 846 (2000), and possession with intent to distribute cocaine in violation of 21 U.S.C. § 841 (2000). We affirm their convictions, but we vacate their sentences and remand for resentencing in light of United States v. Booker, 125 S. Ct. 738 (2005), and United States v. Hughes, 401 F.3d 540 (4th Cir. 2005).

Goulbourne and Williams claim that the district court improperly sentenced them when it imposed a sentence greater than the maximum authorized by the facts found by the jury alone. Because they failed to raise this claim below, we review it for plain error. Hughes, 401 F.3d at 547. The jury convicted Goulbourne and Williams of responsibility for 500 for or more grams of cocaine for each count. At sentencing, the district court found Williams accountable for 2,958.02 grams of cocaine, for a total offense level of thirty pursuant to U.S. Sentencing Guidelines Manual § 2D1.1(c)(5) (2002).[1] The court held Goulbourne

_____

[1] Williams' presentence report assessed an offense level of 30 based on drug quantity, and added two points for her role in the offense, for a total offense level of 32. During the sentencing hearing, the district court stated that it would have assessed four levels for her role in the offense, but instead would only assess two levels based on the probation officer's recommendation. When the court pronounced sentence, however, it used a total offense level of 30. There is no explanation in the transcript for this

- 3 -

accountable for 2,975.06 grams of cocaine and 10.81 grams of cocaine base, USSG § 2D1.1(c)(5), and assessed an additional four offense levels for his role in the offense, USSG § 3B1.1(a), for a total offense level of thirty-four. Given their criminal history category of I, the district court's drug quantity factual finding increased Williams' sentencing range from 63-78 months to 97-121 months. The drug quantity and role in the offense findings increased Goulbourne's sentencing range from 63-73 months to 151-188 months. Goulbourne's 188 month sentence and Williams' 121 month sentence thus exceeded the sentences that could have been imposed based only on the facts found by the jury. The district court thus erred in basing their sentence on judge-found facts under a mandatory guidelines regime, and the error was plain.[2] Id. at 547-48. Because Goulbourne's and Williams' sentences were longer than what could have been imposed based on the jury's verdict alone, the error affected their substantial rights, id. at 548, and we will notice the error, id. at 555. Therefore, Goulbourne and Williams must be resentenced.

Although the Sentencing Guidelines are no longer mandatory, Booker makes clear that a sentencing court must still

discrepancy.

[2]Just as we noted in Hughes, 401 F.3d at 545 n.4, "[w]e of course offer no criticism of the district judge, who followed the law and procedure in effect at the time" of Williams' and Goulbourne's sentencing.

"consult [the] Guidelines and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the Guidelines, making all the factual findings appropriate for that determination. See Hughes, 401 F.3d at 546. The court should consider this sentencing range along with the other factors described in 18 U.S.C. § 3553(a) (2000), and then impose a sentence. Id. If that sentence falls outside the Guidelines range, the court should explain its reasons for the departure as required by 18 U.S.C. § 3553(c)(2) (2000). Id. The sentence must be "within the statutorily prescribed range and . . . reasonable." Id. at 546-47.

We affirm Goulbourne's and Williams' convictions. We deny Goulbourne's motion for leave to file a pro se supplemental brief because the issue he seeks to raise in that brief was adequately raised in his formal brief. In light of Booker and Hughes, we vacate Goulbourne's and Williams' sentences and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and oral argument would not aid the decisional process.

AFFIRMED IN PART; VACATED
AND REMANDED IN PART